PINE v. STATE INDUSTRIAL COMMISSION et al.

No 16288—Opinion Filed Nov. 3. 1925.

Master and Servant—Workmen's Compensation—Award for Total Disability not Supported by Findings.

An award of compensation by the State Industrial Commission for total disability is not supported by conclusions of fact showing partial disability.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from State Industrial Commission.

Action by W. B. Pine to review award of State Industrial Commission in favor of W. B. Glover. Reversed, with directions.

Hiatt & Hannigan, for petitioner.

Geo. F. Short, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for respondents.

Opinion by ESTES, C. On March 16, 1925, State Industrial Commission, on motion of petitioner to discontinue compensation, found:

"That the accidental injury involved disability of the head and right arm; that claimant had a depressed fracture over the

motor area of the left side of the skull which causes sensory disturbance of the right arm; that he had a limited use of the arm to carry small bundles; that he can write or sign his name, but he must concentrate all his mind on the arm in order to get any use of it, and then the movement is very slow; that the commission is unable to determine at this time the permanent total or permanent partial loss of use of claimant's arm.

"That the respondent is willing to furnish the claimant such light work as he is able to do without injury to himself or without increase of his disability."

—and also that:

"Plaintiff (claimant) will be unable to earn as large a salary as he was earning at the time of his injury for sometime to come, and that if he returns to work at a less wage than," etc.

It is inferable from the foregoing findings that respondent herein (claimant) was, at the time, suffering from only partial disability. Said finding that light work was available to respondent completes and confirms the finding of partial disability. One of the errors complained of on this appeal is that the award is not supported by the evidence, for that the evidence shows the claimant to have been only partially disabled on the date of the order. The order based on said findings is for the maximum compensation, that is, in lump sum for total disability.

We find it unnecessary to review the evidence, since the order on its face shows that the award is not supported by the findings. The award for total disability cannot be based upon findings of partial disability. This is elementary. This cause is remanded to the commission, with directions to set aside said order and on hearing to determine the extent of the disability of respondent (claimant), and on such findings to make an award accordingly as by law provided.

By the Court: It is so ordered.

Note.—See under (1) Workmen's Compensaction Acts, C. J. p. 116, § 115; anno. L. R. A. 1916A, pp. 163, 266; L. R. A. 1917D, 186; 28 R. C. L. pp. 827, 828; 3 R. C. L. Supp. p. 1600; 4 R. C. L. Supp. p. 1872; 5 R. C. L. Supp. 1580.